UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Jose Villanueva, § § § Plaintiff, § § Case Number  1:23-cv-431 v. § § Rainey Property § Management, LLC § § Defendant. | |

**Complaint & Jury Demand**

1. The Plaintiff, Jose Villanueva, sues Defendant, Rainey Property Management, LLC, for discrimination and retaliation.

2. The Honorable Court has original jurisdiction over the action pursuant to Title VII and the Age Discrimination in Employment Act (ADEA).

3. Venue is appropriate in this district pursuant to Venue is appropriate in Austin, Texas pursuant 42 U.S.C. § 2000e-5(f)(3).

4. Plaintiff resides in Leander, Texas.

5. Defendant is a foreign limited liability company.

6. Defendant has a principal place of business in Seattle, Washington.

7. Defendant is incorporated in Nevada.

8. Defendant conducts business in, among other cities, Austin, Texas.

9. Defendant employs over 20 employees.

10. Defendant is required to comply with Title VII.

11. Defendant is required to comply with the EEOC.

12. Defendant is engaged in interstate commerce.

13. Defendant provides owners of multifamily communities with a full suite of property management solutions tailored to the unique needs of each community and affordable housing program.

14. Defendant specializes in affordable and work-force housing across the nation.

15. By having a specialty focus on work-force housing Defendant helps allow mid-income level residents the chance to live in quality, affordable homes near their jobs.

16. Defendant was Plaintiff's employer.

17. Plaintiff is a Hispanic male.

18. Defendant knew that Plaintiff was a Hispanic male when Plaintiff worked for Defendant.

19. Plaintiff was born in 1965.

20. Plaintiff worked for Defendant from on or about August 2020 through on or about July 16, 2021.

21. On or about April 27, 2021 counsel for Plaintiff emailed Defendant a letter of representation.

22. The following month, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on or about May 17, 2021.

23. Promptly following the filing of the charge of discrimination on May 26, 2021, Defendant issued Plaintiff a performance improvement plan (PIP).

24. Defendant hired Plaintiff as its Chief Operations Officer on or about April 13, 2020.

25. Defendant paid Plaintiff a salary of $125,000.00.

26. Defendant expressly relayed to Plaintiff that all corporate employees would begin with the same base salary.

27. Defendant promised Plaintiff non-discretionary bonuses, but Defendant never followed through with its promise.

28. Defendant, also, promised Plaintiff a company credit card, daily communications, and full support in business decisions.

29. On or about July 2020, Defendant declared that it would provide Plaintiff with a company car.

30. Defendant did not keep its promises to Plaintiff.

31. Plaintiff was never given a company credit card.

32. Plaintiff was never given a company car.

33. Defendant preferred younger employees that were not Hispanic.

34. Throughout Plaintiff's employment Defendant undermined Plaintiff.

35. Defendant treated other employees better than Plaintiff.

36. Defendant gave more responsibilities to younger white employees than to Plaintiff.

37. Defendant paid younger white employees more monies than to Plaintiff.

38. Plaintiff objected to Defendant's discriminatory conduct.

39. On or about March 15, 2021, Plaintiff inquired via email the reason new corporate employees were making more monies than him.

40. Immediately after Plaintiff's inquiry Defendant changed Plaintiff's job duties.

41. Defendant took this action to discourage Plaintiff and others from making good faith complaints about disparate treatment.

42. Defendant changed the terms and conditions of Plaintiff's employment because he complained in good faith about discrimination.

43. Defendant took multiple actions against Plaintiff to punish him for complaining about discriminatory practices.

44. Defendant increased the intensity of its retaliatory conduct after Plaintiff filed his charge of discrimination on or about May 17, 2021.

45. Plaintiff explicitly references his EEOC Charge of Discrimination 451-2021-01936 executed on August 23, 2021, which was submitted after the May 17, 2021.

46. The EEOC issued a notice of right to sue letter.

47. Plaintiff timely filed his charges of discrimination.

48. The EEOC investigated the matter.

49. Defendant was placed on notice.

50. Now, Plaintiff files suit within 90 days of receiving his Notice of Right to Sue.

**Count I – Discrimination in Violation of Title VII**

51. Plaintiff reincorporates paragraphs 1 through 50 as if fully stated herein.

52. Plaintiff is Hispanic.

53. Defendant treated white employees better than Hispanic employees.

54. Plaintiff was paid less monies because of his race.

55. Plaintiff was given less benefits because of his race.

56. Plaintiff was given less opportunities because of his race.

57. Plaintiff lost his job in whole or in part because of his race.

58. Defendant used Plaintiff's race as a motivating factor in discharging Plaintiff.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and any other relief deemed just and necessary.

**Count II – Retaliation in Violation of Title VII**

59. Plaintiff reincorporates paragraphs 1 through 50 as if fully stated herein.

60. Plaintiff engaged in protected activity under Title VII.

61. Defendant retaliated against Plaintiff.

62. Defendant took actions to discourage Plaintiff from complaining.

63. Defendant took actions to discourage Plaintiff from following through with his EEOC charge of discrimination.

64. Defendant discharged Plaintiff because of his complaints.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and any other relief deemed just and necessary.

**Count III – Discrimination in Violation of the ADEA**

65. Plaintiff reincorporates paragraphs 1 through 50 as if fully stated herein.

66. Plaintiff is protected by the ADEA as he is over the age of 40.

67. Defendant treated younger employees better than Plaintiff.

68. Defendant discriminated against Plaintiff because of his age.

69. Plaintiff was qualified for his position.

70. Defendant disparately treated Plaintiff because of his age.

71. Plaintiff received less monies, benefits and responsibilities because of his age.

72. Defendant willfully violated the ADEA.

73. Defendant acted in reckless disregard of the ADEA.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, liquidated damages, attorneys' fees, costs, and any other relief deemed just and necessary.

**Count IV – Retaliation of the ADEA**

74. Plaintiff reincorporates paragraphs 1 through 50 as if fully stated herein.

75. Plaintiff engaged in protected activity under the ADEA.

76. Defendant took actions against Plaintiff because he had complained about disparate treatment that was in violation of the ADEA.

77. Defendant sought to discourage Plaintiff from complaining and following through with his EEOC charge of discrimination.

78. Defendant discharged Plaintiff because he engaged in protected activity.

79. Defendant knew that it was treating substantially younger employees better than it was treating Plaintiff.

80. Defendant willfully violated the ADEA.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, liquidated damages, attorneys' fees, costs, and any other relief deemed just and necessary.

Respectfully submitted this 17th day of April 2023,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Mazaheri & Mazaheri
P.O. Box 656
Frankfort, Kentucky 40602
Email - bernie@thelaborfirm.com
Tel – (502) 475-8201

*Attorney for Plaintiff Villanueva*